```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON

TINA M. GRACE and
LARRY GRACE,

        Plaintiffs,

v.                                  Civil Action No.: 2:15-00281

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION and
MINGO COUNTY COMMISSIONERS,
in their official capacity,

        Defendants.


TINA M. GRACE and
LARRY GRACE,

        Plaintiffs,

v.                                  Civil Action No.: 2:15-01505

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION, together with its
present (and former) commissioner(s) and
in their (his) official capacity, and
GREG SMITH and JOHN MARK HUBBARD and
DIANE HANNAH and DAVID L. BAISDEN and
MINGO COUNTY BOARD OF EDUCATION,

        Defendants.
```

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are plaintiffs' motions for service of process by the United States Marshal or someone specially appointed, filed February 6, 2015, and a request for service by certified mail, filed February 28, 2015.

Some of the defendants are presently in custody and unserved, namely, C. Michael Sparks, Michael Thornsbury, and David L. Baisden. The Federal Rules of Civil Procedure require that federal courts follow state law regarding who has the capacity to be sued. Rule 17(b)(1) provides that "[c]apacity to sue or be sued is determined . . . for an individual who is not acting in a representative capacity, by the law of the individual's domicile," which appears to be West Virginia as opposed to the places of incarceration. Fed. R. Civ. P. 17(b)(1). The West Virginia Rules of Civil Procedure require that when a civil suit is brought against an incarcerated person, service be made on

> that person's committee, guardian, or like fiduciary . . . or, if there be no such committee, guardian, or like fiduciary . . . service of process shall be made upon a guardian ad litem appointed under Rule 17(c).

W. Va. R. Civ. P. 4(d)(4).

Additionally, West Virginia Rule of Civil Procedure 17(c) provides as follows:

2

> Whenever an infant, incompetent person, or convict has a representative, such as a general guardian, curator, committee, conservator, or other like fiduciary, the representative may sue or defend on behalf of the infant, incompetent person, or convict. An infant, incompetent person, or convict who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court or clerk shall appoint a discreet and competent attorney at law as guardian ad litem for an infant, incompetent person, or convict not otherwise represented in an action, or shall make such other order as it deems proper for the protection of the infant, incompetent person, or convict. A guardian ad litem is deemed a party for purposes of service; failure to serve a guardian ad litem in circumstances where service upon a party is required constitutes failure to serve a party.

W. Va. R. Civ. P. 17(c). West Virginia Rule 17(c) is in accord with state statutory and decisional law. See W. Va. Code § 28-5-36; Quesinberry v. Quesinberry, 191 W.Va. 65, 70 (1994); Craigo v. Marshall, 175 W. Va. 72, 75-76 (1985). The law regarding capacity of prisoners was "enacted to alleviate the harsh common law rule allowing a convict to be sued, but not to appear in court to defend his case." Craigo, 175 W. Va. at 74.

In accordance with these authorities, the court will appoint guardians ad litem for Mr. Sparks, Mr. Thornsbury, and Mr. Baisden for the limited purpose of effecting service upon them.

For the reasons stated, it is ORDERED that Wesley Kent Varney be, and hereby is, appointed as guardian ad litem for Mr. Sparks, that John H. Tinney, Jr. be, and hereby is, appointed as

3

guardian ad litem for Mr. Thornsbury, and James M. Cagle be, and hereby is, appointed as guardian ad litem for Mr. Baisden. The appointments are for the limited purpose of effecting service of process and the guardians forthwith delivery of a copy of that which is served upon them to Mr. Sparks, Mr. Thornsbury, and Mr. Baisden, together with prompt notification to the court that they have done so. Such notification is to be accompanied by a writing signed by each defendant as to whether they are engaging counsel to represent them in this action.

The Clerk is directed to transmit a copy of this written opinion and order to all counsel of record, the guardians ad litem, and any unrepresented parties.

ENTER: March 6, 2015

John T. Copenhaver, Jr.
United States District Judge