```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

TINA M. GRACE and
LARRY GRACE,

      Plaintiffs,

v.                                     Civil Action No.: 2:15-01505
                                                 (Lead action)

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION, together with its
present (and former) commissioner(s) and
in their (his) official capacity, and
GREG SMITH and JOHN MARK HUBBARD and
DIANE HANNAH and DAVID L. BAISDEN and
MINGO COUNTY BOARD OF EDUCATION,

      Defendants.


TINA M. GRACE and
LARRY GRACE,

      Plaintiffs,

v.                                     Civil Action No.: 2:15-00281

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION and
MINGO COUNTY COMMISSIONERS,
in their official capacity,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending are the plaintiffs' motions to consolidate the above-styled civil actions, filed June 16, 2015 in Civil Action No. 2:15-00281 and June 17, 2015 in Civil Action No. 2:15-01505, and the motion by defendant Michael Thornsbury to strike the complaint in Civil Action No. 2:15-00281, filed March 30, 2015.

Federal Rule of Civil Procedure 42(a) covers the matter of consolidation and provides as follows:

> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. Proc. 42(a).

Our court of appeals has given the district courts a wide berth on questions arising under Rule 42(a), recognizing the superiority of the trial court in determining how best to structure similar pieces of litigation. See <u>A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.</u>, 559 F.2d 928, 933 (4th Cir. 1977) ("District courts have broad discretion under

2

F.R.Civ.P. 42(a) to consolidate causes pending in the same district.")  Nevertheless, the court of appeals has also provided guidelines for district courts engaging in the discretionary exercise.  See Arnold v. Eastern Air Lines, Inc., 681 F.2d 186, 193 (4th Cir. 1982):

> The critical question for the district court in the final analysis was whether the specific risks of prejudice and possible confusion were overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives.

Id. at 193.

Fed. R. Civ. Proc. 12(f) allows the court to strike pleadings of "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Rule 12(f) motions to strike "are generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic.'" Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur Miller, Federal Practice & Procedure § 1380, 647 (2d ed. 1990).

Although there are often risks of confusion and

3

prejudice attendant to a consolidation, the potential for inconsistent adjudications is an overriding concern here.  The two above-styled actions are nearly identical, with the exception that the latter-filed action includes additional defendants Greg Smith, John Mark Hubbard, Diane Hannah, David L. Baisden, and the Mingo County Board of Education.  Apart from their additional claims against these defendants, plaintiffs assert essentially the same claims in both actions.  All claims relate to the same underlying events.

The court notes that rather than filing a second action barely one month after filing their initial complaint, the plaintiffs could have proceeded by amending their complaint to add additional defendants pursuant to Fed. R. Civ. Proc. 15(a).  However, given the current status of each case, consolidation is appropriate.  The court is unaware of any significant burden consolidation might visit upon the parties, witnesses, or available judicial resources.  Court resources would be impacted negatively by the continued progression of two separate actions involving essentially the same claims and parties.

In his motion to strike the complaint in Civil Action

No. 2:15-00281, defendant Thornsbury argues that forcing defendants to defend two identical lawsuits would be inefficient and prejudicial.  Plaintiffs respond that they oppose the motion to strike the prior complaint because in their view defendants may seek to assert a defense based on the statute of limitations.  As noted above, the remedy of striking a pleading is disfavored.  Consolidation of these actions will achieve the same efficiencies sought by defendant Thornsbury without prejudice to either side.

The court, accordingly, ORDERS the above-styled civil actions be, and they hereby are, consolidated.  The second-filed action is designated as the lead case.  All further filings shall be captioned and docketed in that case.  Having ordered the cases consolidated, the court ORDERS that the motion to strike the complaint in Civil Action No. 2:15-00281 be, and it hereby is, denied.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED:    October 5, 2015

Judge John T. Copenhaver, Jr.
United States District Judge