```
                    UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF WEST VIRGINIA
                            AT CHARLESTON
```

TINA M. GRACE and
LARRY GRACE,

       Plaintiffs,

v.                                        Civil Action No.: 2:15-01505
                                                  (Lead action)

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION, together with its
present (and former) commissioner(s) and
in their (his) official capacity, and
GREG SMITH and JOHN MARK HUBBARD and
DIANN HANNAH and DAVID L. BAISDEN and
MINGO COUNTY BOARD OF EDUCATION,

       Defendants.


TINA M. GRACE and
LARRY GRACE,

       Plaintiffs,

v.                                        Civil Action No.: 2:15-00281

C. MICHAEL SPARKS and
MICHAEL THORNSBURY and
JAY LOCKARD, individually and in
their (former) official capacity, and
THE WEST VIRGINIA SUPREME COURT OF APPEALS and
STEVEN D. CANTERBURY, its administrator, and
THE MINGO COUNTY COMMISSION and
MINGO COUNTY COMMISSIONERS,
in their official capacity,

       Defendants.

MEMORANDUM OPINION AND ORDER

Pending is a motion for leave to file for summary judgment out of time by defendant Mingo County Commission and its present or former Commissioners in their official capacities, Greg Smith, John Mark Hubbard, Diann Hannah and David L. Baisden, filed on June 2, 2016.[1] Plaintiffs filed a response on June 5, 2016 addressing the movants' summary judgment arguments and did not oppose the motion to file out of time. Accordingly, the court ORDERS that the motion for leave to file out of time be, and it hereby is, granted. As the movants' summary judgment motion has been fully briefed, the court proceeds to consider that motion.

## I. Factual and Procedural Background

The plaintiffs' allegations in this case are set forth in detail in the courts' orders granting motions to dismiss (ECF No. 105) and motions for summary judgment (ECF No. 154) brought by other defendants. The plaintiffs' claims all relate to

---

[1] The complaint and previous filings have referred to defendant Hannah as "Diane Hannah," but the instant motion reflects that her name is properly spelled "Diann Hannah." The court hereby ORDERS that the caption in this case be modified to reflect this correction, and the clerk is directed to update Ms. Hannah's designation on the docket accordingly.

events in late 2011 and early 2012, during which time plaintiff Tina Grace ("Grace") was investigated, criminally charged, and terminated from her employment as a special education teacher based on allegations that she had abused children in the class in which she taught.  The criminal charges against Grace were dropped as part of a deferred prosecution agreement and ultimately expunged.  Of particular relevance for present purposes, plaintiffs have alleged claims based on defendant Jay Lockard's service as the foreman of the grand jury which indicted Grace, arguing that Lockard's presence on the grand jury was illegal because he was employed by the Commission as a computer technician.

The Mingo County Commission, and its Commissioners in their official capacities,[2] are named as a defendant in two of the complaint's fifteen counts.  In Count One, which is primarily addressed to the conduct of other defendants, plaintiffs allege that the Commission "[was] aware or should have been aware" that a pattern or practice of allowing county officials, including Lockard, to serve as grand jury forepersons infringed upon Grace's rights under 42 U.S.C. § 1983.  In Count

---

[2] For ease of reference, the court refers to the Mingo County Commission and its individual Commissioners collectively as "the Commission."

Twelve, plaintiffs allege that "[t]he failure of the Mingo County Commission and commissioners in their official capacity for knowing or failing to know the unlawful conduct of defendant Lockard amounted to negligence and constituted a proximate cause for all damages Tina Grace suffered as a result of defendant Lockard's conduct."

In its order granting defendant Lockard's motion for summary judgment, the court concluded that Lockard's employment by the county as a computer systems administrator did not disqualify him from jury service under the state statute precluding an "officeholder" from serving on a jury. As a result, plaintiffs' claims based on Lockard's allegedly illegal jury service failed as a matter of law. The court also concluded that plaintiffs had not provided factual support for their claim that a secret meeting involving Lockard and other county actors occurred prior to Grace's indictment, finding that the only evidence relating to such a meeting "was based on rumor and assumptions" on the part of the plaintiff's witness, Hester Keatley. (ECF No. 154 at 20).

The Commission seeks summary judgment on the grounds that plaintiffs have not pled a factual basis for their claims against it. In particular, the Commission argues that because

4

the claims against Lockard fail, any argument that the Commission violated Grace's rights or negligently harmed her through its employment of Lockard must fail as well. The Commission also points out that because <u>respondeat superior</u> and vicarious liability claims are not actionable under 42 U.S.C. § 1983, the allegations relating to Lockard's behavior--even assuming wrongdoing on Lockard's part--would not support a claim against the Commission absent a "policy or custom" which resulted in injury to the plaintiffs. <u>See</u> <u>Monell v. New York City Dept. of Soc. Svcs.</u>, 436 U.S. 658, 694 (1978).

In opposition to summary judgment, plaintiffs argue that the court's grant of summary judgment in favor of Lockard should not be dispositive of the claims against the Commission. Plaintiffs argue that "two undisputed critical facts" preclude summary judgment on the remaining claims. Pls' Mem. in Opp. (ECF No. 164 at 2). First, plaintiffs argue that because Lockard's service on the grand jury followed that of another county official who was allegedly disqualified, the plaintiffs have adequately alleged a "pattern or practice" of the Commission allowing its employees to serve on grand juries. Plaintiffs cast this as a direct claim against the Commission for "engag[ing] in a pattern of conduct impugning the composition (and deliberations) of the grand jury." <u>Id.</u> at 3.

5

Second, plaintiffs argue that a factual dispute remains regarding the role of one of the commissioners, David Baisden, in the alleged meeting prior to the grand jury deliberations and subsequent violation of grand jury secrecy.

In its reply, the Commission argues that it has no official responsibility for the selection or oversight of grand jurors and could not have prevented Lockard's or any other individual's service on the grand jury even if such service had been questionable. The Commission also argues that plaintiffs have failed to produce evidence that Baisden was ever privy to confidential grand jury deliberations.

## II. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material" facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (same). A "genuine" dispute of material fact exists if, in viewing the record and all

reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant.  Anderson, 477 U.S. at 248.  On the other hand, "[f]actual disputes that are irrelevant or unnecessary will not be counted."  Id.

The moving party has the initial burden of showing -- "that is, pointing out to the district court -- that there is an absence of evidence to support the non-moving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies this burden, then the non-moving party must set forth specific facts, admissible in evidence, that demonstrate the existence of a genuine issue of material fact for trial.  See id. at 322-23; Fed. R. Civ. P. 56(c), (e).

When examining the record, the court must neither resolve disputes of material fact nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility, Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Instead, the party opposing the motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor.  Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979).  Along those lines, inferences that are "drawn from the underlying facts . . . must

be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

At bottom, a party is entitled to summary judgment if the record as a whole could not lead a rational trier of fact to find for the non-moving party. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Conversely, summary judgment is inappropriate if the evidence is sufficient for a reasonable fact-finder to return a verdict in favor of the non-moving party. Anderson, 477 U.S. at 248.

### III. Discussion

The court concludes that summary judgment in favor of the Commission follows as a necessary result of the earlier order granting summary judgment in favor of defendant Lockard. While plaintiffs strain to distinguish their claims against the Commission from their claims against Lockard, their attempts to do so are unavailing. In both Count Two and Count Twelve of the complaint, plaintiffs explicitly allege that the Commission is liable inasmuch as it is responsible for Lockard's illegal service on the grand jury. Because the court has concluded that such service was not in fact illegal, no viable claim remains against the Commission. In reaching this conclusion, the court

8

has considered the two facts plaintiffs suggest should preclude summary judgment: 1) that Lockard's grand jury service followed the service of homeland security director Jarrod Fletcher, suggesting the Commission had an independent pattern or practice of allowing illegal grand jury service by county employees, and 2) that Commissioner David Baisden allegedly disclosed confidential information regarding grand jury deliberations. However, neither of these facts is material to the plaintiffs' remaining claims for the reasons set forth below.

First, the court notes that plaintiffs continue to rely on bare factual assertions based on citations to their complaint, rather than any independent evidence. At this juncture, plaintiffs cannot defeat summary judgment without presenting competent evidence to support their claims. For example, while plaintiffs' arguments have repeatedly referenced the illegal jury service of Jarrod Fletcher, who allegedly served on the grand jury prior to Lockard, no evidence has been adduced regarding that service. Even assuming that plaintiffs could show that Fletcher served illegally on a prior grand jury, however, they could not prevail on a claim against the Commission based on Fletcher and Lockard's service. It is undisputed that the Commission does not have the authority to control the selection of grand jurors. In fact, because West

Virginia Code § 52-1-21 excuses employees from employment during jury service, any attempt by the Commission to prevent its employees from serving on a grand jury would have itself run afoul of the law. Fletcher's allegedly illegal service did not impact the plaintiffs, and because the court has already concluded that Lockard's service was lawful, there is no material dispute regarding whether a pattern or practice of unlawful jury service was facilitated by the Commission.

      Similarly, the court's earlier findings regarding the alleged secret meeting involving defendants Lockard and Baisden are dispositive of the plaintiffs' current arguments that the Commission, through Baisden, is liable for violating the secrecy of the grand jury. As the court previously explained with respect to the secret meeting:

> Lockard stated in his affidavit supporting summary judgment that this meeting did not occur. (Lockard Ex. A, ECF No. 116 at 2). David Baisden, the commissioner allegedly present at the meeting, similarly stated in a sworn affidavit that no such meeting occurred. (Lockard Ex. E, ECF No. 117 at 14). Grace testified at her deposition that she believes this meeting took place because she "received a phone call from [her friend] Hester Keatley stating that there had -- someone had told her that there had been a meeting between Mr. Sparks, Mr. Thornsbury, Jay Lockard, David Baisden, and Jarrett Fletcher regarding what to do about [Grace's] case." (Lockard Ex. B, ECF No. 116 at 5). Keatley, at her own deposition, explained that she learned about the status of Grace's case while visiting Baisden's office to inquire about the status of a criminal case against her son. (Lockard Ex. C, ECF No. 117 at 2).

10

> According to Keatley, Baisden told her he would look into her son's case, left his office, then returned a few minutes later and told her that both her son and Grace would be charged with battery. Id. at 6. Keatley expressly testified that Baisden did not tell her whom he asked about these cases, and in particular she stated that her assumption that Lockard was present was based only on "rumors." Id. at 7.

(ECF No. 154 at 19). In addition to the fact that no claim against the Commission based on this conversation was included in the plaintiffs' complaint, there is simply no evidence that the conversation was the result of impermissible contact with the grand jury. The only statement by Baisden at issue is his prediction regarding the charges Grace and Keatley's son would face. As noted previously, the charges actually brought against Grace consisted of a misdemeanor battery charge as well as two felony counts of child abuse, undercutting the assertion that Baisden's comment was based on confidential knowledge of the charges pending against Grace.

In sum, the record as a whole does not support any viable claim against the Commission, even taking the evidence properly presented in the light most favorable to the plaintiffs. Lockard's jury service was lawful, the Commission had no control over the jury service of its employees, and no competent evidence suggests that the Commission has engaged in a pattern or practice of subverting grand jury proceedings.

11

Accordingly, the court will grant the movants' motion for summary judgment.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the motion for summary judgment filed by the Mingo County Commission and its present or former Commissioners Greg Smith, John Mark Hubbard, Diann Hannah and David L. Baisden be, and it hereby is, granted.

The Clerk is directed to transmit copies of this order to counsel of record and any unrepresented parties.

DATED: July 25, 2016

John T. Copenhaver, Jr.
United States District Judge